## Woodwork in Connection With Sinks

MARGIOTTI, Attorney General, April 27, 1938.—You have asked to be advised whether section 43 of the Act of June 7, 1901, P. L. 493, as amended by the Act of March 31, 1937, P. L. 168, prohibits the use of enclosing woodwork in connection with sinks installed in dwellings.

Section 43 of the act, as amended, provides as follows:

"The closet and all other fixtures must be set open, and free from all enclosing wood work. In tenement-houses and lodging-houses, sinks must be entirely open, set on iron legs or brackets, without any enclosing wood work. Iron enameled water-proof cabinets are permissible under sinks and lavatories."

This section is ambiguous to a certain extent, so it is appropriate to refer to rules of statutory construction in order to ascertain its proper interpretation. One of the best established of all such rules is that which is set forth as follows in 59 C. J. 984, sec. 582:

"In accordance with the maxim, 'expressio unius est exclusio alterius,' where a statute enumerates the things upon which it is to operate, or forbids certain things, it is to be construed as excluding from its effect all those not expressly mentioned".

It is our opinion that section 43 of the plumbing code clearly falls within the above-quoted rule of statutory construction. This section states that sinks in tenement houses and lodging houses must be free of enclosing wood-work, thus implying that sinks in other buildings, such as dwellings, are not governed by such restriction. If section 43 is interpreted as a general prohibition against enclosing woodwork around all sinks wherever they may be situated, the reference made in that section to tenement houses and lodging houses is rendered meaningless, for it would have been useless to prohibit specifically wooden sink enclosures in tenement houses and lodging houses if the remainder of the section already prohibited wooden enclosures in connection with any sink. In this connection, it is to be remembered, as stated in the Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 51, that "Every law shall be construed, if possible, to give effect to all its provisions."

It is true that a portion of section 43 of the plumbing code states that iron enameled waterproof cabinets are permissible under sinks and lavatories. It is clear, how-

ever, that this permissive provision refers to the sinks in tenement houses and lodging houses described in the preceding sentence of the section. If this statement had been intended to prohibit the use of wooden enclosures beneath any sink whatsoever, the specific provision of wooden construction in connection with tenement houses and lodging houses would have been meaningless, and we have already indicated that every provision of a law must be given effect, if possible.

Furthermore, section 71 of the plumbing code, as amended, provides penalties for violations of the rules and regulations set forth in the act regarding the construction of plumbing. In this respect, the statute is a penal one and such statutes must be strictly construed in favor of persons who may be charged with violations thereof.

Finally, it appears that section 43 of the Act of 1901, supra, has existed practically unchanged since it was first enacted. This section, as set forth in the Act of 1937, supra, reads in part as follows:

"The closet and all other fixtures must be set open, and free from all enclosing wood [or other] work. [Where water-closets will not support a rim-seat, the seat must be supported on galvanized iron legs, and a drip tray must be used, which tray must be porcelain, enameled on both sides and secured in place.] In tenement-houses and lodging-houses, sinks must be entirely open, set on iron legs or brackets, without any enclosing wood [or other] work. *Iron enameled water-proof cabinets are permissible under sinks and lavatories.*"

(The portion italicized has been added to the original section, and the portion in brackets has been deleted.)

It is obvious that the section, as originally drafted, was not substantially different from its present amended form, insofar as it related to enclosing woodwork in connection with sinks. It appears, however, that in many of the cities subject to the original Act of 1901, section 43

204

was never interpreted so as to prohibit enclosing woodwork around sinks installed in dwelling houses. Section 51 of the Statutory Construction Act, supra, provides that "When the words of a law are not explicit, the intention of the Legislature may be ascertained by considering, among other matters . . . administrative interpretations of such law."

You are accordingly advised that section 43 of the Act of 1901, as amended by the Act of 1937, which prohibits any enclosing woodwork in connection with sinks in tenement houses and lodging houses, is not applicable to sinks installed in other types of buildings.